Judge Dane
delivered the opinion of the court:
The two first points are easily disposed of. The plaintiff has declared by prochein ami, but the record nowhere shows that he is ,a minor. Unless such fact appear, we must presume him of age, *218 and may well reject the curatorship as surplusage, which does not vitiate.
The second plea, upon which the second point is predicated, sets forth the hypothetical assumption, correct in point of law, that if a minor he should sue by prochein ami. Minority is a fact which should be distinctly averred, that it may be traversed. It is not so alleged, and does not so appear of record, consequently, if true, it can not avail the plaintiff in error.
The tbi-rd point has given us more difficulty. It is plain .that the verdict of the jury should respond to all the questions submitted by the issues, and where an issue is left unanswered no judgment should be rendered. The court in which the verdict is given exercises the power of amending it, and of conforming it to the-issue, whenever the meaning of the jury can be distinctly ascertained, and when it appears they have acted and decided on the' whole merits. 3 Ohio, 384. It sometimes happens that the finding of one issue concludes the whole, although some are unanswered. The pleas of not guilty and justification in tort illustrate this. The finding of not guilty is enough, since it shows that no facts are proven, which it is necessary to expuse.
*In the present case, no doubt would arise but that the court of common pleas, when the present verdict was returned to them, might with propriety have applied it to all the issues, and have amended it, so as to have made it a full answer to each. The intention of the jury is sufficiently manifest, and the verdict contains enough. We entertain the opinion that the verdict per se, unamended, is no answer to any other plea than the general one. Had it been “ not guilty,” by negativing the assault, it would have been a sufficient answer to the justification, for no fact would have been left to justify. But a verdict of “ guilty,” may, and must be found,' before the jury proceed to the other question, and it may be truly found, while the justification is fully proved, and fully available as a defense.
Is it within the authority of this court to make the amendment?' By some of the English statutes of jeofails, the authority to amend is conferred in all its latitude, not only upon the court where the judgment was rendered, but in the court to which the record is-removed by error. And now, by the English practice, amendments may not only be made in the court to which the error is triable, but the court will disregard such errors as are amendable, and *219 by intendment will sometimes consider the amendment as made,, without any actual alteration of the record. But the statute of Ohio limits the right of amendment to the time before bringing writ of error. And for many years past, it has been held settled, that after the allowance of error, the right to amend is taken away; I am sure this effect is not conducive .to justice, and believe, that if the question were new at this time, that the statute might properly receive a different construction. But a majority of the court think themselves bound by this long-continued practice.
Two cases are cited by the plaintiff in error, which deserve-notice. In 10 Mass. 66, where an action was disseizin, plea not guilty as to part, and non-tenure for remainder, .a verdict of not guilty only, the court rest their opinion upon the point that the-state of the record lays no foundation for a verdict for one. But they fully recognize the position, that the - court below “ might work it into form,” and make it answer the justice of the case, and they do not decide the *form of the verdict, as it then stood, was an answer to both pleas.
The case in 2 Burr. 698, seems precisely in point, to show that the verdict is good. A more minute examination of that case,, leads us to believe, that decision was made with reference to their peculiar mode of practice, in amending in the court of error, and of holding an error that might be amended not to exist.
Upon the whole, a majority of the court believe that the verdict, until amended, is no answer to the three last pleas, and that it can' not be amended in this court.
Judgment reversed.